IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH LITTLE, as | ) | |
| administrator of the Estate of | ) | CIVIL ACTION NO. |
| KENNETH E. VINYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTER TOWNSHIP, | ) | |
| a municipal corporation, and | ) | |
| JOHN HAWK, in his individual capacity, | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DEBORAH LITTLE, as administrator of the Estate of

KENNETH E. VINYARD, by and through her attorneys, LAW OFFICES OF JOEL SANSONE,

JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A.

TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows.

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed

to the Plaintiff's Decedent under the Constitution of the United States and the laws enacted in

furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiff's Decedent's rights

under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction

over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.     Plaintiff, Deborah Little ("Little"), is the sister of Kenneth E. Vinyard ("Decedent") and the duly appointed administrator of the Estate of Kenneth E. Vinyard.  Plaintiff is a resident of the state of Georgia.

6.     Defendant, Center Township ("Township"), is a Pennsylvania municipal corporation with offices located at 224 Center Grange Road, Aliquippa, Pennsylvania 15001.

7.     Defendant, John Hawk ("Hawk"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant Hawk is a resident of Beaver County, Pennsylvania.  At all times relevant to this Complaint, Defendant Hawk was a law enforcement officer employed by Defendant Township, purporting to act within the full scope of his authority and office, and purporting to act under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of Center Township.

## FACTUAL ALLEGATIONS

8.     Marcy Beatty ("Beatty") is the fiancé of the Decedent.

9.     On or about November 6, 2022, at or about 6:30 p.m., Ms. Beatty drove the Decedent and a friend to the Center Township Walmart, located at 3942 Brodhead Road, Monaca, Pennsylvania 15061 ("Walmart").

10.     Ms. Beatty then entered the Walmart while the Decedent and his friend remained inside Ms. Beatty's vehicle in the parking lot.

11.     Sometime thereafter, a man was shot in the parking lot of the Walmart.

12.     Decedent and his friend exited Ms. Beatty's vehicle.

13.     Upon information and belief, after exiting the vehicle, Decedent chased the vehicle that he believed belonged to the shooter for the purpose of capturing the shooter's license plate on camera, which he did.

14.     Decedent then proceeded toward the wounded gunshot victim in an effort to render aid to him.  Once he reached the victim, the Decedent made efforts to aid and comfort the victim.

15.     Ms. Beatty exited the Walmart and began to render aid to the gunshot victim.  This aid included, but was not limited to, applying pressure to the gunshot wound.

***Defendant Hawk's Unprovoked, Unwarranted, Vicious Attack on the Decedent Constitutes Unconstitutional Excessive Force.***

16.     At or around that time, law enforcement officers employed by Defendant Township, and other police agencies, arrived at the scene in response to the aforementioned shooting.

17.     Defendant Hawk also arrived at the scene at or around that time.  Defendant Hawk was not on duty at that time, and was wearing civilian clothing.  Nevertheless, Defendant Hawk arrived at the scene, purporting to act in his official capacity as a law enforcement officer for Defendant Township.

18.      As Decedent stood near Ms. Beatty as she rendered aid to the shooting victim, Defendant Hawk, without provocation, approached and engaged with Decedent for the purpose of removing Decedent from the scene.

19.     At that time, without identifying himself as a law enforcement officer, and without any provocation by anyone, including the Decedent, Defendant Hawk attacked the Decedent, and forcibly and violently propelled the Decedent to the ground, causing the Decedent to strike his head on the pavement, and causing the Decedent to suffer various injuries including, but not limited to, a fractured skull.

20.     As a result of Defendant Hawk's unjustified, excessive, illegal and deadly use of force against the Decedent, the Decedent experienced conscious pain and suffering.

21.     Prior to attacking the Decedent, Defendant Hawk did not present any form of identification to the Decedent which would indicate Defendant Hawk's position as a law enforcement officer.

22.     At no time associated with this incident did the Decedent behave aggressively, and he posed no threat to Defendant Hawk or any other individual at the time of Defendant Hawk's unlawful attack.  Moreover, Decedent was not otherwise interfering with an active crime scene and/or investigation, or in any other activity which would justify Defendant Hawk's use of force, as described herein.  At no time relevant to this incident did anyone, including any police personnel, including Defendant Hawk, have any reason to believe that the Decedent was armed and/or dangerous.

23.     At no time relevant to this incident did anyone, including any police personnel, including Defendant Hawk, have any reason to fear imminent bodily harm to any person, including police personnel.

24.     Every reasonable, well-trained police officer would have known that the use of any force, including the force used by Defendant Hawk against the Decedent under these circumstances, would constitute excessive force in violation of the Fourth Amendment to the United States Constitution.

25.     Decedent began exhibiting signs that he was suffering from a seizure immediately after his head struck the ground from Defendant Hawk's unlawful attack.

26.     Despite the fact that numerous uniformed, on-duty law enforcement officers from Defendant Township and other agencies were present at the scene, no law enforcement officer,

except Defendant Hawk, took any action toward or against the Decedent at any time relevant to this incident.

27.    Ms. Beatty immediately began chest compressions on the Decedent, but the Decedent was unresponsive.

28.    Decedent was transported by ambulance to the Beaver Medical Center where he later died of his injuries, which he sustained as a result of the unwarranted attack by Defendant Hawk, as described hereinbefore above.

29.    Plaintiff believes, and therefore avers, that the Decedent's death was a direct and proximate result of the excessive and unlawful use of force by Defendant Hawk, as more fully described hereinbefore above, and the injuries sustained as a result of that unlawful use of force.

30.    Defendant Hawk purported to act within the scope and authority of his office as a law enforcement officer employed by Defendant Township when he unlawfully assaulted the Decedent, resulting in the Decedent's death.

31.    Immediately after Defendant Hawk's unlawful assault of the Decedent, no law enforcement officer employed by Defendant Township, including decision-making and/or policy-making officers with final authority, took any action against Defendant Hawk, including, but not limited to, immediate suspension without pay, and/or any other disciplinary or other remedial action, as a result of his unwarranted attack on the Decedent, despite knowledge of the same.  Accordingly, Defendant Township's decisionmaker(s) and/or policymaker(s) with final authority acquiesced in and/or ratified Defendant Hawk's unlawful conduct, as described herein.

*Defendant Township Failed to Properly Train, Supervise, Discipline and Terminate a Known Dangerous Police Officer.*

32.     Upon information and belief, Plaintiff avers that there have been other occurrences involving illegal and excessive use of force by Defendant Hawk while acting as a law enforcement officer for Defendant Township.

33.     Plaintiff believes, and therefore avers, that Defendant Township knew, or should have known, that Defendant Hawk previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional violations of those citizens' civil rights.

34.     Plaintiff also believes, and therefore avers, that, notwithstanding the allegations in the previous paragraph, Defendant Township allowed Defendant Hawk to engage in a course, pattern, and/or practice of improper, unlawful and malicious conduct; tolerated such conduct; refused to remit or mitigate such conduct; and thereby ratified, endorsed, acquiesced to, or approved of, Defendant Hawk's unlawful conduct.  In so doing, Defendant Township failed in its duty to properly train, control, supervise and discipline Defendant Hawk.

35.     Defendant Township has a duty to properly train, control, discipline and/or supervise its employees, officers and agents, including Defendant Hawk.  On information and belief, Defendant Township routinely fails to provide its police officers with the proper training and supervision, including, but not limited to, training and supervision related to the use of force, including deadly force.

36.     Plaintiff believes, and therefore avers, that Defendant Township routinely trains its police officers to ignore the constitutional rights of citizens, including related to the use of force, including the use of deadly force by its police officers, and routinely instructs its officers to

improperly and illegally employ force, including deadly force, where no such force is warranted or necessary.

37. Plaintiff believes, and therefore avers, that Defendant Township frequently fails to terminate or discipline officers who demonstrate patterns of misconduct like the misconduct committed by Defendant Hawk, as described herein.

38. Defendant Township's police department is headed by its police chief, who has final policymaking authority with regard to establishing written policies and training programs governing the conduct of Center Township police officers performing policing functions on behalf of the township.

39. Plaintiff believes, and therefore avers, that Defendant Township's police chief established and/or approved of Defendant Township's written policies and training governing the conduct of Center Township police officers performing policing functions.

40. The written policies and training established and/or approved by the police chief constitute the official policy of the Defendant Township, and were the moving force behind, and the cause of Decedent's injuries and death.

41. Defendant Township, acting by and through its police chief and/or other policymakers, had knowledge of Center Township police department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' civil rights.

42. Defendant Township, acting by and through its police chief and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from Center Township police department's unconstitutional patterns and practices, and was deliberately indifferent to and/or tacitly authorized the same.

43.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of its citizens, including but not limited to, the use of excessive and/or deadly force.

44.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns and/or practices that condoned and required officers to turn a blind eye to, and not intervene when another officer is engaged in the use of unjustified and/or unreasonable and/or excessive force, including deadly force.

45.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

COUNT I:

PLAINTIFF v. DEFENDANT HAWK

VIOLATION OF DECEDENT'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>EXCESSIVE FORCE</u>

46.     Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth at length herein.

47.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Hawk for violations of Decedent's constitutional rights under color of law.

48.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Decedent had the right to be free from excessive, unreasonable, and unjustified force by Defendant Hawk.

49.     As more fully described hereinbefore above, Defendant Hawk unlawfully assaulted the Decedent and aggressively forced the Plaintiff's body and head against the pavement, causing injuries to the Decedent which ultimately resulted in the Decedent's death.

50.     The excessive, unreasonable, unjustified, deadly force used by Defendant Hawk against the Decedent constituted a violation of Decedent's rights, as guaranteed under the Fourth Amendment to the United States Constitution, and clearly established law.

51.     At no time during the excessive and illegal conduct by Defendant Hawk was the Plaintiff an immediate threat to the safety of Defendant Hawk or any other members of the community, including law enforcement personnel, nor was Decedent otherwise interfering with an active crime scene and/or investigation, nor was the Decedent engaged in any conduct sufficient to justify Defendant Hawk's use of force.

52.     At no time were the excessive actions of Defendant Hawk reasonable, warranted, or justified.

53.     Furthermore, the excessive and illegal actions of Defendant Hawk resulted in the Decedent's death.

54.     Defendant Hawk purported to act under color of law and within the scope and authority of his office as a law enforcement officer employed by Defendant Township when he unlawfully assaulted the Decedent, resulting in the Decedent's death.

55.     During the incident in question, Defendant Hawk purported to act under color of law and, therefore, his actions showed deliberate indifference to the Decedent's rights and constituted an arbitrary and unconscionable abuse of government authority.

56.     The Fourth Amendment prohibits the use of deadly force in non-deadly circumstances such as those present in this case, where the circumstances do not pose an immediate threat of serious bodily injury and/or death.

57.     Defendant Hawk's actions were willful, wanton and/or done with a reckless disregard for the rights of the Decedent, thereby subjecting Defendant Hawk to punitive damages.

58.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Hawk, Decedent suffered the following injuries and damages:

     a.     violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

     b.     conscious physical pain and suffering;

     c.     fright, horror and shock;

     d.     emotional trauma and suffering;

     e.     economic damages related to any and all medical and/or other consequential costs;

     f.     wrongful death;

     g.     reasonable funeral and burial expenses;

     h.     loss of personal freedom and liberty;

     i.     economic damages including lost wages and lost earning capacity;

     j.     exemplary damages;

     k.     loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

     l.     loss of services, gifts and gratuities;

    m.     compensation for punitive damages;

    n.     reasonable attorney's fees and costs;

    o.     denial of Decedent's civil rights; and

    p.     loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against Defendant Hawk, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT TOWNSHIP

VIOLATION OF DECEDENT'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

MUNICIPAL (*MONELL*) LIABILITY

59.    Plaintiff incorporates by reference Paragraphs 1 through 58 as though fully set forth at length herein.

60.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Township for violations of Decedent's constitutional rights under color of law.

61.    At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Decedent had the right to be free from the use of excessive force.

62.    Immediately after Defendant Hawk's unlawful assault of the Decedent, no law enforcement officer employed by Defendant Township, including decision-making officers with

final authority, took any action of whatsoever type or kind against Defendant Hawk as a result of his unwarranted attack on the Decedent despite knowledge of the same.  By way of example, and not limitation, none of the aforementioned individuals took any disciplinary action against Defendant Hawk at the time of the incident, and at no time thereafter.  Accordingly, Defendant Township's decisionmaker(s) with final authority acquiesced in and/or ratified Defendant Hawk's unlawful conduct, as described herein.

63.     Defendant Township has a duty to properly train, control, discipline and supervise its law enforcement officers. On information and belief, Defendant failed in its duty to train, control, and discipline Defendant Hawk with respect to this incident, as well as at various times in the past when Defendant Hawk acted to violate the rights of various citizens, including through the use of unjustifiable, excessive force against those citizens.  In so failing, Defendant Township ratified, condoned and acquiesced to the illegal, unconstitutional conduct of Defendant Hawk on numerous occasions, thereby creating an atmosphere of lawlessness within the Defendant Township's police department, where its police officers, including Defendant Hawk, felt free to violate citizens' rights without fear of retribution.

64.     By the failure to properly train, control, discipline and/or supervise Defendant Hawk, Defendant Township created a substantial risk of the constitutional violations identified herein.

65.     Defendant Township's failure to properly train, control and/or supervise its officers has led to a pattern and practice of improper, unlawful and malicious use of excessive force among its police officers.

66.     Furthermore, upon information and belief, Plaintiff avers that there have been other occurrences involving illegal and excessive use of force by Defendant Hawk while acting as a law enforcement officer for Defendant Township.

67.     Plaintiff believes, and therefore avers, that Defendant Township knew, or should have known, that Defendant Hawk previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional civil rights violations to those citizens.

68.     Plaintiff also believes, and therefore avers, that, notwithstanding the allegations in the previous paragraph, Defendant Township allowed Defendant Hawk to engage in a course, pattern, or practice of improper, unlawful and malicious conduct, and that it ratified, endorsed, acquiesced to or approved of Defendant Hawk's unlawful conduct.  In so doing, Defendant Township failed in its duty to properly train, control, supervise and discipline Defendant Hawk.

69.     Defendant Township's police department is headed by its police chief, who has final policymaking authority with regard to establishing written policies and training programs governing the conduct of Center Township police officers performing policing functions on behalf of the township.

70.     Plaintiff believes, and therefore avers, that Defendant Township's police chief established and/or approved of Defendant Township's written policies and training governing the conduct of Center Township police officers performing policing functions.

71.     The written policies and training established and/or approved by the police chief constitute the official policy of the Defendant Township and they were the moving force behind, and the cause of Decedent's injuries and death.

72.     Defendant Township, acting by and through its police chief and/or other policymakers, had knowledge of Center Township police department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' civil rights.

73.     Defendant Township, acting by and through its police chief and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from Center Township police department's unconstitutional patterns and practices, and was deliberately indifferent to and/or tacitly authorized the same.

74.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted or ratified a number of customs, patterns, or practices that failed to provide for the safety of its citizens, including but not limited to, the use of excessive and/or deadly force.

75.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to, and not intervene when another officer is engaged in the use of unjustified and/or unreasonable and/or excessive force, including deadly force.

76.     On or prior to November 6, 2022, Defendant Township, with deliberate indifference to the rights of its citizens, tolerated, permitted, failed to correct, promoted or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

77.     Defendant Township, with deliberate indifference to the rights of its citizens, continued to employ Defendant Hawk despite the knowledge of his repeated unconstitutional, unlawful, or other improper conduct.

78.     Defendant Township had the power to terminate or appropriately discipline Defendant Hawk for his misconduct prior to November 6, 2022, but failed to do so despite Defendant Township's knowledge of a pattern of complaints by citizens regarding Defendant Hawk's misconduct.

79.     Defendant Township's failure to terminate or properly discipline Defendant Hawk is part of its larger custom, policy or practice of failing to train, supervise, terminate or properly discipline its officers for unconstitutional, unlawful or otherwise improper conduct, and thereby encouraged Defendant Hawk and other Center Township police officers to continue to engage in unlawful acts towards its citizens, including the Decedent.

80.     The unconstitutional policies, practices and customs defined herein were the moving force behind the death of the Decedent.

81.     The Decedent died as a direct and proximate result of the acts and omissions by the Defendant Township.

82.     As a direct result of the acts described hereinbefore above, perpetrated by Defendant Hawk, and ratified by Defendant Township, Decedent suffered the following injuries and damages:

      a.      violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

      b.      conscious physical pain and suffering;

      c.      fright, horror and shock;

      d.      emotional trauma and suffering;

      e.      economic damages related to any and all medical and/or other consequential costs;

      f.      wrongful death;

      g.      reasonable funeral and burial expenses;

      h.      loss of personal freedom and liberty;

      i.      economic damages including lost wages and lost earing capacity;

      j.      exemplary damages;

k.      loss of love, society and companionship for the members of Kenneth E. Vinyard's estate;

l.      loss of services, gifts and gratuities;

m.      reasonable attorney's fees and costs;

n.      denial of Decedent's civil rights; and

o.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against Defendant Township, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. ALL DEFENDANTS

42 U.S.C. §1983 - SURVIVAL ACTION

83.     Plaintiff incorporates by reference Paragraphs 1 through 82 as though fully set forth at length herein.

84.     Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, brings this action on behalf of the Estate of Kenneth E. Vinyard under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa. Cons. Stat. § 3373 and 42 Pa. Cons. Stat. § 8302.

85.     As a direct result of Defendants' aforesaid actions, Decedent was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

86.     Decedent filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania, this action survives and may be asserted by his Estate.

87.     Plaintiff claims damages for the conscious pain and suffering, necessary medical expenses, financial losses and loss of enjoyment of life incurred by Decedent under 42 U.S.C. §1983 and the United States Constitution.

88.     As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth E. Vinyard, including, but not limited to:

     a.     violation of Decedent's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

     b.     conscious physical pain and suffering;

     c.     fright, horror and shock;

     d.     emotional trauma and suffering;

     e.     economic damages related to any and all medical and/or other consequential costs;

     f.     wrongful death;

     g.     reasonable funeral and burial expenses;

     h.     loss of personal freedom and liberty;

     ii.     economic damages including lost wages and lost earning capacity;

     j.     exemplary damages;

     k.     loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

     l.     loss of services, gifts and gratuities;

     m.     compensation for punitive damages against Defendant Hawk;

     n.     reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF 42 Pa.C.S. § 8301

<u>WRONGFUL DEATH</u>

89.     Plaintiff incorporates by reference Paragraphs 1 through 88 as though fully set forth at length herein.

90.     Plaintiff claims damages for the injuries set forth herein under 42 Pa.C.S. § 8301 against the above-captioned Defendants.

91.     As more fully described hereinbefore above, without provocation or justification, Defendant Hawk attacked the Decedent and propelled the Decedent's body and head to forcefully hit the ground.

92.     Defendant Hawk's unlawful actions, as more fully described hereinbefore above, caused the Decedent to sustain injuries which ultimately resulted in the Decedent's death.

93.     The actions of Defendant Hawk were willful, deliberate and were done with a reckless disregard for the rights of the Decedent, thereby subjecting Defendant Hawk to punitive damages.

94.     Defendant Township is liable for Defendant Hawk's conduct, as described herein, under the theory of *respondeat superior*.

95.     As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth Vinyard, including, but not limited to:

   a.     violation of Decedent's statutory rights under 42 Pa.C.S. § 8301;

   b.     conscious physical pain and suffering;

   c.     fright, horror and shock;

   d.     emotional trauma and suffering;

   e.     economic damages related to any and all medical and/or other consequential costs;

   f.     wrongful death;

   g.     reasonable funeral and burial expenses;

   h.     loss of personal freedom and liberty;

   i.     economic damages including lost wages and lost earning capacity;

   j.     exemplary damages;

   k.     loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

   l.     loss of services, gifts and gratuities;

   m.     compensation for punitive damages against Defendant Hawk;

   n.     reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANT HAWK

GROSS NEGLIGENCE – WRONGFUL DEATH

96.     Plaintiff incorporates by reference Paragraphs 1 through 95 as though fully set forth at length herein.

97.     The acts of Defendant Hawk, as more fully described above, constitute gross negligence.

98.     Decedent died as a result of Defendant Hawk's actions.

99.     Plaintiff claims damages for the wrongful death of Decedent, loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the law of Pennsylvania and the Pennsylvania Wrongful Death Statute.

100.    As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of

Kenneth Vinyard, including, but not limited to:

a.   violation of Decedent's rights under Pennsylvania Common Law;

b.   conscious physical pain and suffering;

c.   fright, horror and shock;

d.   emotional trauma and suffering;

e.   economic damages related to any and all medical and/or other consequential costs;

f.   wrongful death;

g.   reasonable funeral and burial expenses;

h.   loss of personal freedom and liberty;

i.    economic damages including lost wages and lost earning capacity;

j.   exemplary damages;

k.   loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

l.   loss of services, gifts and gratuities;

m.   compensation for punitive damages;

n.   reasonable attorney's fees and costs;

o.   denial of Decedent's civil rights; and

p.   loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against Defendant Hawk, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including

injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. ALL DEFENDANTS

ASSAULT AND BATTERY

101.    Plaintiff incorporates by reference Paragraphs 1 through 100 as though fully set forth at

length herein.

102.    The acts of Defendant Hawk as described above constitute an assault and battery.

103.    Decedent died as a result of Defendant Hawk's actions.

104.    Defendant Township is liable for Defendant Hawk's conduct, as described herein, under

the theory of *respondeat superior*.

105.    Plaintiff claims damages for the wrongful death of Decedent, loss of his income, services,

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and

for funeral and burial expenses under the law of Pennsylvania and the Pennsylvania Wrongful

Death Statute.

106.    As a direct and proximate result of the acts described above, Plaintiff, as a personal

representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of

Kenneth Vinyard, including, but not limited to:

      a.      violation of Decedent's rights under Pennsylvania Common Law;

      b.      conscious physical pain and suffering;

      c.      fright, horror and shock;

      d.      emotional trauma and suffering;

      e.      economic damages related to any and all medical and/or other
                consequential costs;

22

f.      wrongful death;

g.      reasonable funeral and burial expenses;

h.      loss of personal freedom and liberty;

ii.     economic damages including lost wages and lost earning capacity;

j.      exemplary damages;

k.      loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

l.      loss of services, gifts and gratuities;

m.      compensation for punitive damages against Defendant Hawk;

n.      reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. ALL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

107.    Plaintiff incorporates by reference Paragraphs 1 through 106 as though fully set forth at length herein.

108.    The acts of Defendant Hawk, as more fully described above, constitute intentional infliction of emotional distress.

109.    Decedent died as a result of Defendant Hawk's actions.

110.    Defendant Township is liable for Defendant Hawk's conduct, as described herein, under the theory of *respondeat superior*.

111.    Plaintiff claims damages for the wrongful death of Decedent, loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under the law of Pennsylvania and the Pennsylvania Wrongful Death Statute.

112.    As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth Vinyard, including, but not limited to:

      a.    violation of Decedent's rights under Pennsylvania Common Law;

      b.    conscious physical pain and suffering;

      c.    fright, horror and shock;

      d.    emotional trauma and suffering;

      e.    economic damages related to any and all medical and/or other consequential costs;

      f.    wrongful death;

g.      reasonable funeral and burial expenses;

h.      loss of personal freedom and liberty;

i.      economic damages including lost wages and lost earning capacity;

j.      exemplary damages;

k.      loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

l.      loss of services, gifts and gratuities;

m.      compensation for punitive damages against Defendant Hawk;

n.      reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLAINTIFF v. DEFENDANT HAWK

GROSS NEGLIGENCE– SURVIVAL ACTION

113.    Plaintiff incorporates by reference Paragraphs 1 through 112 as though fully set forth at length herein.

114.   Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, brings this action on behalf of the Estate of Kenneth E. Vinyard under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa. Cons. Stat. § 3373 and 42 Pa. Cons. Stat. § 8302.

115.   The acts of Defendant Hawk, as more fully described above, constitute gross negligence.

116.   Decedent died as a result of Defendant Hawk's actions.

117.   As a direct result of Defendant's aforesaid actions, Decedent was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

118.   Decedent filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania, this action survives and may be asserted by his Estate.

119.   Plaintiff claims damages for the conscious pain and suffering, necessary medical expenses, financial losses, and loss of enjoyment of life incurred by Decedent under Pennsylvania law.

120.   As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth Vinyard, including, but not limited to:

   a.   violation of Decedent's rights under Pennsylvania Common Law;

   b.   conscious physical pain and suffering;

   c.   fright, horror and shock;

   d.   emotional trauma and suffering;

   e.   economic damages related to any and all medical and/or other consequential costs;

   f.   wrongful death;

   g.   reasonable funeral and burial expenses;

h.      loss of personal freedom and liberty;

i.       economic damages including lost wages and lost earning capacity;

j.       exemplary damages;

k.      loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

l.       loss of services, gifts and gratuities;

m.     compensation for punitive damages;

n.      reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against Defendant Hawk, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IX:

PLAINTIFF v. ALL DEFENDANTS

ASSAULT AND BATTERY– SURVIVAL ACTION

121.   Plaintiff incorporates by reference Paragraphs 1 through 120 as though fully set forth at length herein.

122.    Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, brings this action on behalf of the Estate of Kenneth E. Vinyard under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa. Cons. Stat. § 3373 and 42 Pa. Cons. Stat. § 8302.

123.    The acts of Defendant Hawk, as more fully described above, constitute an assault and battery.

124.    Decedent died as a result of Defendant Hawk's actions.

125.    As a direct result of Defendant's aforesaid actions, Decedent was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

126.    Decedent filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania, this action survives and may be asserted by his Estate.

127.    Plaintiff claims damages for the conscious pain and suffering, necessary medical expenses, financial losses, and loss of enjoyment of life incurred by Decedent under Pennsylvania law.

128.    Defendant Township is liable for Defendant Hawk's conduct, as described herein, under the theory of *respondeat superior*.

129.    As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth Vinyard, including, but not limited to:

    a.    violation of Decedent's rights under Pennsylvania Common Law;

    b.    conscious physical pain and suffering;

    c.    fright, horror and shock;

    d.    emotional trauma and suffering;

28

e.      economic damages related to any and all medical and/or other consequential costs;

f.      wrongful death;

g.      reasonable funeral and burial expenses;

h.      loss of personal freedom and liberty;

ii.     economic damages including lost wages and lost earning capacity;

j.      exemplary damages;

k.      loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

l.      loss of services, gifts and gratuities;

m.      compensation for punitive damages against Defendant Hawk;

n.      reasonable attorney's fees and costs;

o.      denial of Decedent's civil rights; and

p.      loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT X:

PLAINTIFF v. ALL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – SURVIVAL ACTION

130.     Plaintiff incorporates by reference Paragraphs 1 through 129 as though fully set forth at length herein.

131.     Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, brings this action on behalf of the Estate of Kenneth E. Vinyard under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa. Cons. Stat. § 3373 and 42 Pa. Cons. Stat. § 8302.

132.     The acts of Defendant Hawk, as more fully described above, constitute intentional infliction of emotional distress.

133.     Decedent died as a result of Defendant Hawk's actions.

134.     As a direct result of Defendant's aforesaid actions, Decedent was forced to endure great conscious pain and suffering, and to be attended by physicians and to incur expenses for such medical treatment, before his death.

135.     Decedent filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania, this action survives and may be asserted by his Estate.

136.     Plaintiff claims damages for the conscious pain and suffering, necessary medical expenses, financial losses, and loss of enjoyment of life incurred by Decedent under Pennsylvania law.

137.     Defendant Township is liable for Defendant Hawk's conduct, as described herein, under the theory of *respondeat superior*.

138.    As a direct and proximate result of the acts described above, Plaintiff, as a personal representative of the Estate of Kenneth E. Vinyard, claims damages for the wrongful death of Kenneth Vinyard, including, but not limited to:

      a.     violation of Decedent's rights under Pennsylvania Common Law;

      b.     conscious physical pain and suffering;

      c.     fright, horror and shock;

      d.     emotional trauma and suffering;

      e.     economic damages related to any and all medical and/or other consequential costs;

      f.     wrongful death;

      g.     reasonable funeral and burial expenses;

      h.     loss of personal freedom and liberty;

      iii.     economic damages including lost wages and lost earning capacity;

      j.     exemplary damages;

      k.     loss of love, society and companionship for the members of Kenneth E. Vinyard's Estate;

      l.     loss of services, gifts and gratuities;

      m.     compensation for punitive damages against Defendant Hawk;

      n.     reasonable attorney's fees and costs;

      o.     denial of Decedent's civil rights; and

      p.     loss of the constitutional rights of Decedent's children.

WHEREFORE, Plaintiff demands compensatory economic and non-economic damages against the above-captioned Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's

fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages

against Defendant Hawk; and such other relief, including injunctive and/or declaratory relief, as

this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone

Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  January 17, 2023