IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDERMAN HOLDINGS, LLC, | : | Case No.: |
| | : | |
| Plaintiff, | : | Removed from the Court of Common Pleas of |
| | : | Allegheny County, Pennsylvania |
| v. | : | (Case No. 23-004929) |
| | : | |
| OLIVER DAVID THOMPSON AND | : | |
| EDWARD P. THOMPSON, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendants, Oliver David Thompson and Edward P. Thompson ("**Thompsons**" or the "**Removing Defendants**"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. The grounds for removal are set forth below.

### State Court Action

1. On April 13, 2023, Plaintiff, Alderman Holdings, LLC ("**Alderman**") commenced this action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania.

2. The Complaint alleges certain claims against the Removing Defendants which relate to purported breaches of a Residential Lease Agreement ("**Agreement**") and other legal obligations purportedly owed to Plaintiff. Plaintiff also requests declaratory judgment, specific performance and injunctive relief.

3. Counsel for Removing Defendants accepted service of the Complaint on behalf of their clients on April 19, 2023.

4. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process, pleadings, and orders received by the Removing Defendants in this action.

5. Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal (without exhibits), which will be promptly served upon Plaintiff's counsel and filed with the Court of Common Pleas of Allegheny County Pennsylvania.

6. Attached hereto as **Exhibit C** is the Removing Defendants' consent to the removal of this action to federal court.

7. The Removing Defendants reserve all rights and defenses with respect to the Complaint.

## Grounds for Removal

8. This action was filed in Allegheny County, Pennsylvania, which is within this Court's district and division. *See* 28 U.S.C. § 1441(a).

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action is removable pursuant to 28 U.S.C. § 1441.

10. 28 U.S.C. § 1332(a) provides that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different states . . .

**A.     The Amount in Controversy Requirement is Satisfied.**

11. "A plaintiff's burden of satisfying the amount in controversy required for diversity jurisdiction is not especially onerous." *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 802 (3d Cir. 2017), *as amended* (Feb. 8, 2017) (internal citation and quotation marks omitted). When determining whether the amount in controversy has been met in a removal action, the Third Circuit

directs that such amount be measured not by the low end of an open-ended claim, but "rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). In making such a reading, district courts have evaluated whether the plaintiff averred an amount less than the federal court's jurisdictional limit or, if no specific amount is averred, whether "it appears to a legal certainty that the plaintiff cannot recover the [federal court's] jurisdictional amount." *See Hook v. Progressive Cas. Ins. Co.*, No. 4:08-CV-0738, 2008 WL 11366426, at *2 (M.D. Pa. Aug. 18, 2008) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)).

12. The Complaint fails to identify a specific dollar amount being sought.

13. Within the Complaint, Plaintiff alleges, *inter alia*, that the Thompsons are in violation of contractual and legal obligations under the Agreement. *See* Ex. A, Compl, generally.

14. The Complaint requests Declaratory Judgment and Specific Performance to enforce the $1,800,000 Option to Purchase under Sections 23, 24 and 25 of the Agreement. *See* Ex. A, Compl. ¶¶ 46-59.

15. The Complaint also seeks damages for "repair and maintenance" costs incurred by Plaintiff. *See* Ex. A, Compl. ¶¶ 60-68.

16. The Complaint alleges that these damages are "substantial" and that they exceed $10,000 as required in Section 7 of the Agreement. *See* Ex. A, Compl. ¶¶ 60-68.

17. The Complaint fails to identify a specific dollar amount being sought and simply notes Plaintiff's damages exceed "$75,000, interest at the maximum allowable rate." *See* Ex. A, Compl. p. 12.

18. The Removing Defendants dispute both liability and Plaintiff's alleged damages. However, it is not a "legal certainty" that Plaintiff cannot recover more than $75,000 from each of

the Removing Defendants should they be successful on their claims, especially if the $1,800,000 Option to Purchase is enforced. *See* 28 U.S.C. § 1446(c)(2)(a).

19. Therefore, for purposes of diversity jurisdiction, and without waiver of any defenses the Removing Defendants may raise with respect to liability or damages, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, for purposes of federal jurisdiction, this case exceeds the required jurisdictional amount in controversy.

**B.     The Complete Diversity Requirement is Satisfied.**

18. Complete diversity requires each defendant be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

19. A corporation is a citizen of every state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c).

20. The citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

21. An individual person is a citizen of the state where they are domiciled—the location of their "true, fixed and permanent home." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006).

22. Alderman is incorporated in Pennsylvania and its principal place of business is also located in Pennsylvania.

23. Ryan Thompson, Alderman's sole member, is domiciled in Pennsylvania. Accordingly, Alderman is a citizen of Pennsylvania.

24. Oliver David Thompson is a citizen of Kentucky.

25. Edward P. Thompson is a citizen of New Hampshire.

26. As a result, complete diversity exists between Plaintiff and the Removing Defendants.

**C.     Conclusion.**

26. Because the amount in controversy is met and there is complete diversity among the parties, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and removal is proper.

WHEREFORE, Defendants, Oliver David Thompson and Edward P. Thompson respectfully request that this action be removed to the United States District Court for the Western District of Pennsylvania and that no further proceedings be had in the Court of Common Pleas of Allegheny County, Pennsylvania.

                Respectfully submitted,

                STRASSBURGER McKENNA GUTNICK & GEFSKY

By:    */s/Anthony J. Judice*
        David A. Strassburger
        Pa. I.D. No. 76027
        dstrassburger@smgglaw.com

        Anthony J. Judice
        Pa. I.D. #308698
        ajudice@smgglaw.com

        Four Gateway Center, Suite 2200
        444 Liberty Avenue
        Pittsburgh, PA 15222
        T - (412) 281-5423

        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served by electronic mail this 8th day of May, 2023 to:

DUANE MORRIS LLP
Daniel B. McLane
Thomas E. Sanchez
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
dbmclane@duanemorris.com
tesanchez@duanemorris.com
*Counsel for Plaintiff*


STRASSBURGER McKENNA GUTNICK & GEFSKY


  /s/Anthony J. Judice
Anthony J. Judice