# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNA MOORE, Guardian and "Next Friend' to "minor children"

     Plaintiff.

     v.

  ADDIE STONE
  DENISE DYMOND
  ROXANNE CRIPE
  JOHN VIDOVICH
  NATHAN VIDOVICH
THE COUNTY OF BEAVER

     Defendants.

Civil Action No.
_____

.    **COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION and ALLEGATIONS

1.  I, Jenna Moore, is the mother to the children currently six and 4 years old, at the time of file. Plaintiff have never abused, harmed, or neglected by herein; refer to as "JM" the biological mother.

2.  However, such children have been placed at serious risk repeatedly, by the neglectful action of the listed defendants. There

has been a series of reports that were given to the agency "CYS" (Children Youth Services)involving my children.

3.  Yet, at such time of risk(s), the agency failed to properly investigate, as mandated.

4.  As a result of such failure to proceed to do so, the risks to child continue, for some time now, since November 2022.

## JURISDICTION AND VENUE

5.  This action arises under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction over the plaintiff JM federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). This Court has supplemental jurisdiction over the plaintiff state law claims under 28 U.S.C. § 1367.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants are residents of this judicial district and the Commonwealth of Pennsylvania. Venue is also proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this judicial district.

## **PARTIES**

7.   Plaintiff Jenna Moore is a citizen in the state of OHIO, at the time of filing suit.

8.   The (as refer to being under 18) the "minors" are both under age 18.

9.   I, the pro-se self file plaintiff and biological natural mother, brings this action, as natural parent, and or as guardian, next friend, to the children. If I am not allowed to bring such claim for my children as guardian, and or as "next friend" I shall abide by what the 3rd Cir; federal district court cite, on the record, and ergo proceed timely on my own claims.

10.  Defendant John Vidovich is a citizen of the commonwealth of Pennsylvania.

11.   Defendant Nathan Vidovich is a citizen of the State of Pennsylvania.

12. All defendant(s)moreover, were served prior, a notice of plaintiff intent to sue.

13. Defendant **ADDIE STONE** at the time of violation, was working for Beaver County CYS agency. (Children Youth Services) and she is sued in her PERSONAL capacity, and not only her official capacity.

14. Defendant **ROXANNE CRIPE** at the time of violation, was working for Beaver County Children Youth Services agency herein; CYS. She is sued in her PERSONAL capacity, not only her official capacity.

15. Defendant **DENISE DYMOND** at the time of violation, was working for Beaver County Children Youth Services agency herein; CYS.

16. She is sued in her personal capacity, not only her official capacity, for damages.

17. The city of Ohioville, along with the Defendant. Beaver County are the actual county where such violation(s)are taking place, are organized under the law(s) state, federal law(s)et.al., pursuant to the Commonwealth of Pennsylvania, shall be sued premised on the acts, and the omissions, of the County of Beaver, the failure to train, negligent retention, along with all other claims, being cited in suit.

18. On or about 11/10/2022 the commonwealth of Pennsylvania CYS caseworkers who were assigned to such case, involving plaintiff children, ignored my child(ren)were being abused, and or neglected, left in harm's way, injured and or at serious risk.

19. I requested immediately a prompt investigation concerning such risk and reported such risk to the children immediately.

20. I reported such to the defendant(s) for some time now, throughout current year.

21. At the time of reporting from 11/22, I was told an investigation would take place for a while, but, it turned out, once again it was a lie,and untrue, as shall be proven.

22. I was first informed by defendant Cripe at Beavery County CYS. Never happened.

23. Another incident, involving my child, 1 month prior in October 2022 had been abused, bruising on him, after he was visiting defendant Vidovich, Immediately, the mother reported it to CYS,

as required. The plaintiff has proof, and had it for the agency defendants. Such child was harmed and yet no investigation, even when such law(s)on conducting such immediately is clear.

24. As a result, my children were forced to be around such abuser, as shall be proven.

25. Defendant had an onus to immediately investigate and failed to do so.

26. On or about the early months, during 2023 the hospital, where 1 of my child(ren)were taken to, had immediately contacted CPS. The worker at this time, was defendant Roxanne Cripe. Ms. Cripe knowingly and willfully ignored such risk, even when she knew, and or should have reasonably known child was at risk.

27. The defendant knew my child was at the hospital and failed to do anything, nor to follow up, investigate. It had fallen on deaf ears again.

28. Despite child being admitted to the hospital, defendant deliberately ignored it, and or had reckless disregard to investigate as such is mandatory.

29. Defendant(s) knew and or should have reasonably known to investigate.

30. By the failure to investigate, she allowed my child to remain in direct harm's way, causing **more** damage, abuse, neglect to the child by such dangerous individual, defendant(s)NV and moreover, importantly JV, as shall be proven.

31. A genuine issue of material fact shall be invoked, as several, pertaining to the clear reckless disregard, and violation of one's right, not to be deprived, ignored, nor conspired against by defendants listed in the aforesaid.

32. Defendant Cripe had knowingly ignored the risk involving defendant herein' refer to as "JV and NV" to make it appear that plaintiff was the real risk.

33. CYS, the individual caseworker(s) all defendants were fully aware of such seriousness and per allegation(s)made that were identified/reported.

34. The defendants, Stone, Cripe and Dymond et.al., has an onus, a duty,  responsibility to promptly investigate, as it was clearly necessary to do so.

35. Reportedly, my children were said to have been at more risk, by dangerously falling asleep, with abuser defendant John Vidovich, and this was reported. At the time of such serious allegation being reported, the agency defendant said, once again, she would investigate. Never did. As a result, my children again were left in harms way.

36. Now, during such time, I've repeatedly asked, and eventually would implore the state (employees)to do what was right, and they all failed time and time again, to do so, in violation of my right,  as the children.

> 19. On or about 11/10/22, information of such harm again arises, informing injured plaintiff JM., that the father, John Vidovich had abused the child(ren). Shocking the conscience, to any reasonable person, shall be whereas, such caseworkers' are supposedly trained in the field, to protect children and in this case, that was not the case, as shall be expounded throughout the execution of suit.

37. The abusive, neglectful father, physically harmed my beloved child, by grabbing him so hard, causing injury to such a young child's

arm.   At the time, again, Cripe, Dymond, Stone ignored it all, showing deliberate indifference as to the best interest, well-being of my children, time and time again, causing injury to such plaintiffs.

38. As a result, child left in direct harm's way, to become further abused, at risk.

39. Child was taken to Beaver Medical Center, for evaluation, and treatment once it was discovered by the plaintiff.

40. Plaintiff mother house was forced into, through the front door, by defendant JV. He violently shoved her ,causing her to fall almost on an innocent little baby. CYS was clearly notified. Ignored it again. Such risks were continually reported. All ignored by defendants, and shall be proven. As a result, kids were placed in harms way regarding defendant JV.

41. CYS was notified, immediately and once again, no investigation, when I reported such came about, for which should have precluded Mr. Vidovich from being around my children. Police were also called, during such serious incident during year 2022.

42. Now, the defendant Ms. Cripe at first had actually substantiated abuse at one time, and then, she altered her report, later discovered, as an attempt to make it "appear" JV was innocent, despite evidence proof the contrary.

43. Defendant JV(John Vidovich)has been known to the specified defendants,  CRIPE, DYMOND and STONE for some time now, yet, all three defendants clearly and continuously refused, insofar as psychological evaluation(s), and or such need for treatment involving the plaintiff young children, both at the time of risk, injury, harm. Such investigation(s)were not accurately and or promptly implemented and plaintiff shall be able to prove such factual, causing harm.

> Defendants had full knowledge, and did nothing, hence, causing injury as the rights of the custodial parent, and her children were all ignored. But for not the ignoring to promptly investigate, per defendant Stone, Dymond and or Cripe, my child(ren)would have not been at risk, nor harmed, but protected.

23. The constitutional rights of such plaintiff is not in any way unclear, as to the protection, fairness, when it comes to a parent reporting abuse to a child, whereas clearly proof exist, but yet, are being ignored by the defendants throughout this current date, posing continual violation and risk to children.

24. The plaintiff JM, have been deprived such rights, as per defendant engaged in gross-neglient act(s) and or malfeasance, knowingly engaged in conspiring to violate the plaintiff rights, each time a serious allegation has come about,and not being truthful insofar as investigating each credible allegation, and as a result the children were abused and or continually at risk, neglected.

Cripe, Dymond, and the defendant Stone conspired to deprive me the right to see to it, CYS defendants, would accurately investigate the serious allegation(s) concerning the defendant(s)JV and NV in order to ensure my children are to be safe, and no longer abused, and or neglect, placed at repeated risks. Cripe left the children in harms way, and or Stone and or Dymond, and knew of the risks, they were facing,

by the failure to timely investigate, by ignored all reports of real abuse, and or neglect, injury, harm, hospitalization involving my child.

25. While working within the scope of their employment, from date cited (11/2022) defendant Cripe, Stone, Dymond, would lie in sworn-in affidavit(s)or knowingly lie under oath, or to the plaintiff, deliberately fabricate statements, and or misrepresentation of the facts, while ignoring the REAL abuse by JV, clearly evident, and or would leave the children, my children, in direct harm's way, by failing time and time again to properly and swiftly investigate, ignoring **all** evidence.

26. Defendant NV himself was immediately reported to CYS, while causing emotional distress to such plaintiff children(harm)and severe stress, once discovered, and harm to the plaintiff, Jenna Moore, and shall be proven for damages, for which he is now being sued for, after notice of intent to sue, advising him lawfully of such.

27. At the time of defendant Nathan Vidovich  was harming my children, it was once again reported immediately when discovered and reported to CYS.

28. The defendant Roxanne Cripe knew of such harm to the child. She knew, and again was not investigated, in violation of such right. As a result, the children were again placed at serious risk for some time after the last incident of risk, and serious abuse caused by JV, NV.

29. Such action by CYS, the individual defendants were reprehensible, and plainly unconstitutional.

30. Even though there was a plausible imminent threat and risk to the child, that clearly would justify investigating at once, it did not happen, again, in violation of our rights, as the children to be free from imminent danger, harm, repeated abuse, neglect, while out of mom's care, at the time the father has visits et.al.

31. To this day, neither CYS as the agency itself, or Cripe, Dymond, Stone have offered any type of tenable, reasonable justification, excuse, or apology for their lawless actions, in failure to investigate time and time

again, that has allowed such harm to child(ren) belonging to plaintiff to occur, by their own failure to simply investigate. Plaintiff Jenna Moore ergo, timely shall bring this action also for I.I.E.D.(intentional infliction emotional distress) claim and more expound below, along with the violation of such state, federal constitutional right involving the defendants, for the deprivation of one's right, 14th Amendment.

### The Children Youth Services investigation (and or therelackof.)

53.   On or about Octobert 10 2022, CYS abuse report was made.

54.   Result of this investigation was non-existent. Failure to investigate.

55.   Defendant Cripe had personally informed me, that she would be investigating. Again, she had failed to do so.

At such time, CYS defendants knew with all certainty that (1) there were serious risks, real  concerns defendant John Vidovich; (2) there were real evidence and or information in existence from the plaintiff to support abuse to child; (3) there was evidence, and including the fact a dr. (physician) at the E.R. and or the doctor's nurse immediately had contacted the agency CYS the child was at serious risk.

56.- Not one defendant took the time to bother to investigate swift and or at all, in violation of one's rights, and the right to such protection of the children and safety. Child needed medical care, concerning breathing issue(s) for which a certain medical inhaler(s)are required for such young child. Defendant JV failed to properly tend to child, as shall be proven, and again, ignored by the defendants CYS, in violation of such right, but yet, was told, such investigation shall occur.

57.- None of the Defendants tried to further reach after speaking to the E.R., the doctor on duty, and or the nurse, medical staff, to reach the mother, JM for more information, but left it un-investigated for a while, as shall be proven to support claim(s). CYS individual defendants are not being done in good faith. All caseworker(s)being sued was working under the color of state law, at the time of violation.

58. During such time in totality six months from winter 11/2022 through the current year of 2023, Children Youth Services, Cripe,Stone,Dymond failed to substantiate child abuse, injury, harm, risks pertaining to the children and have allowed, as a result, of their clear failures, lying under oath, and or in sworn affidavits, misrepresentation of the facts, turning a blind eye to the abuse neglect of the children plaintiff(s), as a result, the defendants failed to uncover evidence of the abuse, by JV and defendant NV, of neglect, maltreatment, and allowed the children shockingly, but factually remain around such abusive home, and defendants.

## CLAIMS FOR RELIEF

**First Cause of Action**

**Deprivation, in violation of**

**the  Fourteenth Amendment.**

**(Against individual Defendants)**

59.      Plaintiffs incorporate herein the allegations from the preceding paragraphs.

1. Plaintiffs, myself, Jenna Moore, along with the children, as their next friend, shall bring this

claim pursuant to 42 U.S.C. § 1983 alleging deprivation of one's 14th amendment right, as to deprive such child the right to a swift investigation, to be protected, not placed in immediate and or forced to be left in harm's way and the right to not deprive me, the loving natural mother the right of such investigation.

2. The actions of Defendants were taken under color of state law.

3. The Fourteenth Amendment to the U.S. Constitution protect plaintiff(s) from such deprivation.

4. Plaintiffs were told an investigation immediately would take place and such defendant(s) CYS, CRIPE, DYMOND and or defendant STONE lied, under oath, and or in sworn-affivadits, while child was clearly left to become further harmed, injured, force to be around JV.

5. Defendants violated Plaintiffs' right to be free from further harm, risks, as shall be proven by the plaintiff, by defendants' reckless action(s), inactions.

6. Defendants acted intentionally and in reckless disregard of Plaintiffs' right to be secure in their house,without being at risk, by being around defendant JV and subjected to child abuse from the other defendant Nathan Vidovich.

7. Defendants were plainly incompetent in their continual habitual failure(s) already expounded by the plaintiff JM.

8. As a proximate result of Defendants' actions and inactions, Plaintiffs suffered and continue to suffer from emotional distress, mental anguish, and loss of personal liberty, safety, to remain protected, and not subjected to risks and or harm.

9. Plaintiffs are entitled to compensatory and punitive damages, as well as reasonable attorneys' fees and costs from Defendants.

### - Second Cause of Action

### *Monell* claim for violation pursuant to the Fourteenth Amendment.

### (Against City and or the County of BEAVER)

60. Plaintiffs incorporate herein the allegations from the preceding paragraphs.

1. Plaintiffs shall bring this claim pursuant to 42 U.S.C § 1983 against Defendant City and or the County which, through its agents, violated the right of Plaintiffs to be secure as children, and not be deprived under the well-established Fourteenth Amendment.

2. The deprivations of Plaintiff JM rights were caused by the policies, customs, and established practices, including inadequate training, of the City of and or the county of BEAVER, acting under color of its statutory and legal authority.

3. The City and the county of Beaver directs
   and/or ratifies as to per caseworker, supervisor
   et.al., employees at Beaver County CYS
   agency, as to the defendants' actions,
   investigation(s) and all other directives,
   involving "at risk children" and or as to what
   should happen when an investigation of child
   abuse, and or neglect, should take place.

4. The City of where the plaintiff JM and children
   reside at, and or in the county of Beaver
   maintains and implements a custom, policy,
   and practice, as shall be proven.

5. Defendant the city of Ohioville and/or the
   county of BEAVER fails to train and supervise
   its officers, despite the foreseeable
   consequences of such failure, on the
   constitutional requirement of rushing to
   investigate when a child is at RISK.

6. These directions, ratifications, customs,
   policies, practices, and/or failures to train and

supervise were formed and executed with deliberate indifference to the Fourteenth Amendment of the U.S.Constitution, the right to not be deprived.

7. These directions, ratifications, customs, policies, practices, and/or failures to train and supervise were the moving force in the constitutional violations inflicted by the individual Defendants upon the injured plaintiff Jenna Moore and my family.

8. No reasonable person or officers; and or CYS defendants, agency employee)caseworker, supervisor listed in such warranted Section 1983 lawsuit, could have concluded that there was NOT a risk, nor serious risk, nor any type of imminent danger to the health and or one's own safety pertaining to my children at the time of such investigation being requested, and such factual shall be proven.

9. As a direct and proximate result of the unconstitutional acts of Defendant City of Ohioville, in Beaver County, through its caseworkers, et.al., Plaintiff Jenna Moore, and my children have sustained violations of their rights under color of state law and, as a result, are entitled to compensatory damages and reasonable attorneys' fees and costs.

**Third Cause of Action**

**I.I.E.D.(Intentional Infliction of Emotional Distress)**

61. Plaintiffs incorporate herein the allegations from the preceding paragraphs.

10. I, the Plaintiff, JM, am also suing individual defendant(s) for causing severe emotional distress, by such failure(s)by state agency workers as such failure to proceed accordingly, and by such failure, as a result led to harm to my child(ren) has caused severe emotional distress, for some time now. As a direct and

proximate result of such acts caused by Cripe, Stone, Dymond, John Vidovich, Nathan Vidovich, Beaver County, Plaintiff Jenna Moore and my children have sustained violations of their rights under color of state law and ergo, as a result, plaintiff Jenna Moore, are entitled to compensatory damages and reasonable attorney fees, costs.

### Fourth Cause of Action

### NEGLIGENCE

11. Plaintiffs incorporate herein the allegations from the preceding paragraphs.

12.     I, Jenna Moore, seek damages, in addition, for negligent act(s)grossly negligent act(s)by the individual defendants, that led to my children being placed at risk, ignored, as to their safety, for which is paramount, due to the negligence of the CYS defendant(s)repeated failure to investigate each allegation reported, concerning my children and allowed to be placed, in the home of JV to remain abused,

remained at risk, by JV and also by defendant NV, due to the state agency employee(s)reckless disregard, knowingly, and willfully depriving such child of their right to remain free from harm, not subjected to such risk of harm, injury.

## **PRAYER FOR RELIEF**

62.- Wherefore, Plaintiffs request that this Court enter judgment in their favor and grant the following relief:

1.  Compensatory and punitive damages against each of the Defendants in an **amount of $25 Million Dollars** or to be determined at trial;

2.  Reasonable costs and expenses, including attorneys' fees; and

3.  Such other relief as this Court deems just and proper.

4.  Such plaintiff shall also seek punitive damages against the state individual defendants, and or the county of BEAVER.If a lawyer is not brought on there shall be no attorney fee(s)granted, as at the time of such warranted Section 1983; civil rights claim, lawsuit filed for which plaintiff is executing such timely filed lawsuit for damages by way of pro-se.

**Haines v. Kerner, 404 U.S. 520 (1971) Supreme Court found that such pleadings filed by way of pro-se, should be held to less stringent standards, than those drafted by an attorney.**
**Plaintiff has filed as a pro-se self litigant.**

## <u>JURY TRIAL DEMAND ON ALL TRIABLE ISSUES.</u>

DATED:

July 16th 2023

Respectfully

submitted,

JENNA MOORE
PRO-SE LITIGANT.

*Jenna Moore*